```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Julie Westerdahl, et al.

    v.                              Civil No. 10-cv-266-JL

Bruce I. Williams

## SUMMARY ORDER

The court is not inclined to undertake a rigorous construction of the parties' joint-filed Discovery Plan (document no. 7) to determine whether its reference to "experts" on p. 3 was intended to cover both retained and non-retained expert witnesses, although common sense suggests that it was intended to cover only retained experts (particularly given its reference to expert reports and Fed. R. Civ. P. 26(a)(2)(B), which requires such reports only for retained experts, see Aumand v. Dartmouth Hitchcock Med. Ctr., 611 F. Supp. 2d 78, 88 (D.N.H. 2009)).

The bottom line is that Dr. White's role as a non-retained treating physician witness, and the subject matter of his testimony, were disclosed to the defendant barely one month after the deadline set forth in the Discovery Plan (if it even applied to non-retained experts). Despite the heavy motion practice on this issue, complete with a reply and surreply, the defendant has not persuasively articulated any possible prejudice from that

late disclosure (if any).  So it was harmless and does not warrant exclusion of Dr. White or his opinion testimony.  See Fed. R. Civ. P. 37(c)(1); cf. Aumand, 611 F. Supp. 2d at 87 (excluding opinion testimony by non-retained treating physician witnesses where they were not disclosed until pre-trial statement).  Defendant's motion to exclude (document no. 10) is therefore denied.

Plaintiffs' counsel is advised, however, that Dr. White's testimony will be limited to the subjects specified in the February 8, 2011 disclosure letter, subject to the further limitation that his opinion testimony must be (a) fairly discernible from Julie Westerdahl's medical records or otherwise based on opinions that Dr. White formed in a reliable manner while examining and treating her; and (b) within the scope of opinions that a treating physician reasonably and normally would form during such examination and treatment.  See Bartlett v. Mut. Pharm. Co., 742 F. Supp. 2d 182, 200 (D.N.H. 2010).  Plaintiff's counsel is cautioned not to take excessive liberties in this regard.

If the defendant takes issue with this resolution of the issue, he may, within 7 days of this order, subject to the constraints of Rule 11, make a filing identifying any prejudice

he will suffer as a result of this resolution, and proposing a specific remedy.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: July 13, 2011

cc: Andrew D. Dunn, Esq.
    Elizabeth D. Foster, Esq.
    Thomas J. Fay, Esq.