UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Julie Westerdahl
and Steven Westerdahl

v. Civil No. 10-cv-266-JL

Bruce I. Williams

**PROCEDURAL ORDER**

This personal injury action arises out of a bicycle accident. The plaintiffs, Julie and Steven Westerdahl, have moved to allow them to use at trial the videotaped deposition of a physician who treated Julie for injuries she sustained in the accident, Dr. W. Bradley White. Though the discovery cutoff has passed and trial is scheduled to commence on September 7, 2011, Dr. White's deposition has yet to take place. The plaintiffs, however, have noticed it for September 8, 2011, in the event that trial does not commence as scheduled (this court presently has a number of other trials set to start that same day), because, during the entirety of the week beginning September 12, Dr. White will be out of state and more than 100 miles from the courthouse.

The defendant, Bruce I. Williams, does not dispute that, should trial commence during the week of September 12, Dr. White will be unavailable to testify, which would allow the use of his deposition. See Fed. R. Civ. P. 30(a)(4)(B). Nor does Williams dispute that, if the trial is in fact delayed until Dr. White needs to travel out of state, then that would amount to "good

cause" to take Dr. White's deposition so it could be used at the trial, even though the discovery deadline has long passed. See Fed. R. Civ. P. 16(b)(4). Instead, Williams, in his "partial objection" to the plaintiffs' motion, argues that they may seek to elicit inadmissible expert testimony from Dr. White at the deposition, so that proceeding with the deposition "without a judicial referee present prejudices [Williams] both in the introduction of previously undisclosed expert testimony into the record and in requiring repeated arguments both before the video stenographer and before the Court and unnecessary costs to rightfully present those arguments from reaching the jury."

As Williams appears to recognize, though, testimony elicited at a deposition is not automatically admissible at trial simply because the deposition is useable at trial under Rule 30(a). To the contrary, subject to the waiver rules set forth in Rule 30(d), "an objection may be made at hearing or trial to the admission of any deposition testimony that would inadmissible if the witness were present and testifying." Fed. R. Civ. P. 30(b). So Williams will have the chance to object to the admission of any "previously disclosed expert testimony," or any other arguably inadmissible testimony, at trial; it will not become part of "the record" merely because it was given at the deposition. This approach--making an objection to testimony on the record at the deposition, then restating that objection when

an adversary attempts to use that testimony at trial--does require "repeated arguments," or at least repeated objections (lengthy arguments to the stenographer at a deposition are inevitably unavailing). But that is the case every time a party attempts to use a deposition at trial. It is a function of Rule 30's operation, not of anything the plaintiffs are seeking to do here, so the relief they seek will not "prejudice" Williams.

Williams also complains, with some justification, that allowing a deposition for use at trial to take place on the eve of trial will cause "video deposition costs and video editing costs, both at a rushed pace." The way to deal with this, however, is to put the costs of the deposition itself on the plaintiffs (where they likely were anyway, since the plaintiffs are the ones noticing the deposition, cf. Fed. R. Civ. P. 45(b)(1)) and to require each party to bear his or her own costs of preparing the video excerpts of the testimony that he or she wishes to present, after the court has ruled on any objections.

To facilitate this process, each party shall provide the other with the page and line designations of the testimony he or she wishes to use at trial by no later than the close of business on **September 9, 2011**; each party shall provide the other with any objections to the designated testimony, and file those objections, together with the corresponding testimony, with the court, by no later than noon on **September 12, 2011**; and the court

will issue rulings on those objections by no later than the close of business on September 12, 2011. This schedule should allow each side enough time to prepare, for broadcast to the jury before the end of trial, an edited video of the admissible testimony he or she wishes to present.

Accordingly, the plaintiffs' motion to allow the use of Dr. White's deposition at trial (document no. 15) is GRANTED, subject to the provisions on cost and the service and filing of designations and objections just set forth. The plaintiffs are granted leave to take that deposition on **September 8, 2011**, as noticed, in the event that trial in this matter will not commence before then. Insofar as Williams has moved to quash the deposition notice (which, in violation of L.R. 7.1(a)(1), was presented in the objection to the plaintiffs' motion, rather than a separate filing), that motion is denied.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated: August 17, 2011

cc: Andrew D. Dunn, Esq.
Elsbeth D. Foster, Esq.
Thomas J. Fay, Esq.